UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
OCT 28 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

Jane Doe, )

and )

John Doe, ) Case No. 4:26 CV 02831

Plaintiffs.

vs.

US Senator Jon Husted, ) Judge JUDGE PEARSON

and ) MAG JUDGE KNAPP

City of Youngstown, Ohio, )

and

Mahoning County Sheriff Greene, )

and

Four, unknown law enforcement officers (c/o Sheriff Paul Green), )

And )

Ironwood Protection Group LLC, )

Defendants. )

PLAINTIFFS' ORIGINAL COMPLAINT AND MOTION FOR INJUNCTIVE RELIEF

By and through Leah J. Sellers (#0072861), Sellers Law, LLC, Gahanna, OH, ljsellerslaw@gmail.com,

**COMES NOW,** the Plaintiffs, Jane and John Doe (the "Does") by and through their counsel of record; and, for their *Complaint* against U.S. Senator Jon Husted, ("Senator Husted"); City of Youngstown, Ohio ("Youngstown"); Mahoning County, Ohio ("Mahoning County"); Sheriff Greene, Mahoning County Sheriff, in his official capacity ("Sheriff Greene"); Officers Doe 1-4 in their individual capacities, whose true names are unknown ("Officers"); and, Ironwood Protection Group ("Ironwood", together with

Senator Husted, Youngstown, Mahoning County, Sheriff Greene, Officer Does 1-4, collectively, the "Defendants"), aver as follows:

**A. PARTIES**

1. Plaintiffs are residents of Stark County, Ohio.

2. Defendant Husted is Senator of Ohio, USA.

3. Defendant City of Youngstown is a municipality located in Mahoning County, Ohio that owns and operates the Covelli Centre (the "Coliseum").

4. Defendant Mahoning County is one of Ohio's 88 Counties, and is a government entity that, by and through its sheriffs' department, is responsible for the hiring, training, supervision, and discipline of Mahoning County sheriff deputies.

5. Defendant Greene is the elected Sheriff of Mahoning County, Ohio. At all material times, Sheriff Greene was responsible for the promulgation of rules, regulations, policies, and procedures applicable to and implemented by the Mahoning County Sheriff's Department.

6. Upon information and belief, Defendant Officers are employed by Mahoning County and acted under color of state law. Plaintiffs are suing Officers in their individual capacities. On information and belief, the identities of Officers is known or should be known by Defendant Greene.

7. Defendant Ironwood is a Corporation organized under the laws of the District of Columbia. Based on information and belief, its Founder and CEO is Thomas Goheen.

**B. JURISDICTION**

8. The Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this action is brought pursuant to 42 U.S.C. § 1983, and the United States Constitution.

9. Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over the remaining causes of action because such claims are so related to the claims within the original jurisdiction of this Court, that they form part of the same case or controversy.

10. All state-law claims averred are brought pursuant to the Government Tort Liability Act.

**C. VENUE**

11. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

**D. FACTS**

12. On October 12, 2026, President Donald Trump held a political rally (the "Trump Rally") at the Coliseum. See, Exhibit A, Newspaper article, "Trump campaigns at Covelli Centre," by Matthew Sotlar, Wed. Oct 14, 2026, The Jambar.

13. Senator Husted, together with other politicians and elected officials, spoke at the Trump Rally.

14. The Does, parents to two minor children, attended the Rally. They secured four tickets originally but their relatives decided not to attend. Prior to entry, they went through a metal detector.

15. The Does vocalized their viewpoints numerous times during the various speeches. For example, when the Coliseum crowd shouted, "Fuck Biden!" Jane and/or John Doe also shouted, "Fuck Biden!"

16. During his speech, Senator Husted spoke about his political opponent, and stated something to the effect that his opponent shut down government during the global pandemic of 2019.

17. John Doe then vocalized his viewpoint that Congress and the Speaker of the House currently were shutting down government to prevent release of the files relating to convicted child sex offender Jeffrey E. Epstein. John Doe yelled, "Pedophile protector!" among other vocalizations.

18. Jane Doe also vocalized her dissent notwithstanding forthcoming violation of her bodily autonomy.

19. Individuals believed to be Coliseum security staff ("Coliseum Staff") approached the Does and asked them to leave the Coliseum.

20. Seconds later, one of the Officers approached John Doe off to his side, in his peripheral vision, and violently grabbed John Doe's head and neck and slammed him on the ground. John Doe's glasses flew off his head and were broken. His smart phone received damaged. Without his glasses or smartphone, John Doe was unable to see. The Officers then dragged John Doe from the Coliseum.

21. Jane Doe attempted to protect her husband from the attack. Soon after, the Officers assaulted and violently removed Jane Doe from the Coliseum.

22. Nonetheless, the Does persisted in expressing their viewpoints.

23. Though he was holding a microphone and standing at a podium, Senator Husted did not ask the Officers to stop their violence.

24. The Security Staff were present during the Does' assault and violent removal from the Coliseum.

25. An Ironwood employee followed the Officers and Security Staff out of the Coliseum and vocally expressed his viewpoint about the Does and their removal from the Coliseum. Further, the Officers and Ironwood employee berated and verbally attacked the Does.

26. John Doe received no concussion protocol or medical care after the assault. Similarly, Jane Doe received no medical care when outside the building despite suffering physical harm, including bodily bruising.

27. The Does are living in poverty. See, e.g., John and Jane Doe Application to proceed in District Court without Prepaying Fees or Costs, filed herewith.

28. The Does filed Voluntary Statements with the East Canton, Ohio Police department on October 26, 2026. See, Exhibit B, Redacted Voluntary Statements of John and Jane Doe.

29. On October 27, 2026, notwithstanding many barriers and challenges to do so, the Does sought medical attention. The Does' medical provider diagnosed John Doe with closed head injury, cervical sprain and assault. He received a referral for follow-up care. Jane Doe also received a medical diagnosis and referral for follow-up care.

30. John Doe is a disabled American. He is vision impaired, asthmatic and has other challenges.

31. Since the incident described above, the Does continue to suffer severe, traumatic injury, including, but not limited to, physical and mental harm and damage to family property.

**E. Claims**

**Count 1**

**VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION TO BE FREE FROM UNREASONABLE SEIZURE PURSUANT TO 42 U.S.C. § 1983: Felonious and Aggravated Assault - Officers**

32. Plaintiffs re-alleges and incorporates by reference the averments of Paragraphs [].

33. A person commits the crime of felonious assault who, pursuant to ORC § 2903.11(A): "(1) Cause[s] serious physical harm to another or to another's unborn; (2) Causes or attempt[s] to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance." ORC § 2903.11(A).

34. A person commits the crime of aggravated assault who, pursuant to ORC S 2903.12, " . . . while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly: (1) Case serious physical harm to another or to another's unborn; (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance . . . " ORC S 2903.12(A).

35. A a direct and proximate result of the Officers depravation of Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution, Plaintiffs have suffered serious physical and mental injury and damages and are entitled to relief.

**Count 2**

**VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION TO BE FREE FROM UNREASONABLE SEIZURE PURSUANT TO 42 U.S.C. § 1983: Use of Excessive Force - Officers**

36. Plaintiffs re-alleges and incorporates by reference the averments of Paragraphs 1-35.

37. The Does posed no existential threat to the Doe Officers at the time of the unprovoked attack. The Doe Officers actions in violently tackling John Doe to the ground, while his back was to them, and he could not otherwise see them with his peripheral vision, clearly was excessive given the circumstances. Furthermore, the Doe Officer's violent removal of both Jane and John Doe was unnecessary and physically abusive.

38. The Doe Officers' foregoing actions violate the Fourth and Fourteenth Amendment's prohibition of unreasonable seizure through the use of excessive force.

39. As a direct and proximate result of the Doe Officers' unreasonable seizure of the Does through the use of excessive force, the Does have suffered physical, mental, and emotional damages, and are entitled to the demanded relief.

**COUNT 3**

**VIOLATION OF PLAINTIFFS' RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION TO BE FREE FROM UNREASONABLE SEIZURE PURSUANT TO 42 U.S.C. § 1983: DELIBERATE INDIFFERENCE - DENIAL OF NECESSARY MEDICAL CARE – Officers, City of Youngstown, County of Mahoning and Ironwood**

40. Plaintiffs re-allege and incorporate by reference the averments of Paragraphs 1-39.

41. As set forth more fully herein, as a result of the assaults perpetrated upon the Does by Deputy the Officer Does, the Does were in dire need of medical attention.

42. The Does, City of Youngstown, County of Mahoning and Ironwood were aware, or reasonably should have been aware, of the Does' need for medical attention.

43. The foregoing actions constitute violations of the Does' Fourth and Fourteenth Amendment rights to be free from unreasonable seizure.

44. [Intentionally left blank]

45. As a direct and proximate result of the foregoing violations of the Does' Fourth and Fourteenth Amendment rights to be free from unreasonable seizure, they have suffered injuries and damages, and is entitled to the demanded relief.

**COUNT 4**

**VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION TO BE FREE FROM UNREASONABLE SEIZURE PURSUANT TO 42 U.S.C. § 1983: FAILURE TO INTERVENE – SENATOR HUSTED, OFFICERS**

46. Plaintiffs re-allege and incorporate by reference the averments of Paragraphs 1-45.

47. Senator Husted was present and observed the assaults against the Does.

48. Certain of Officers had constitutional duties to intervene upon witnessing other Officers violate the constitutional rights of the Does.

49. Senator Husted has a duty to intervene upon witnessing fellow government officers violate the constitutional rights of the Does.

50. Notwithstanding their constitutional duties to intervene, certain of Officers failed to act to protect John and Jane Doe from constitutional violations perpetrated by other Officers.

51. Notwithstanding his duty to intervene and ability to do so, Senator Husted failed to act to protect John and Jane Doe from constitutional violations perpetrated by Officers.

52. The averred conduct violated John and Jane Does' Fourth and Fourteenth Amendment rights to be free from unreasonable seizure.

53. As a direct and proximate result of Senator Husted and Officers' violations of John and Jane Does' Fourth and Fourteenth amendment right to be free from unreasonable seizure, the Does have suffered injuries and damages, and is entitled to the demanded relief.

## COUNT 5

## VIOLATION OF PLAINTIFFS' RIGHTS TO FREEDOM OF SPEECH AND ASSEMBLY UNDER THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983 – ALL DEFENDANTS EXCEPT IRONWOOD

54. Plaintiffs re-allege and incorporates by reference the averments of Paragraphs 1-53.

55. Because they expressed a differing viewpoint, all Defendants except Ironwood either perpetrated or failed to stop the violence against the Does, resulting in physical, psychological, and emotional injuries.

56. The foregoing averred conduct constitutes a violation of the Does' rights to freedom of speech and assembly pursuant to the First Amendment.

57. As a direct and proximate result of the averred unconstitutional conduct by all Defendants except Ironwood, John and Jane Doe have suffered injuries and damages, and are entitled to the demanded relief.

## COUNT 6

## SUPPLEMENTAL STATE LAW CLAIM AGAINST OFFICERS: ASSAULT AND BATTERY

58. Plaintiffs re-alleges and incorporates by reference the averments of Paragraphs 1-57.

59. As averred more fully herein, the Officer Does caused Jane Doe to reasonably fear imminent bodily injury.

60. As averred more fully herein, the Officer Does caused John Doe to reasonably fear imminent bodily injury following his violent takedown.

61. As averred more fully herein, one or more of the Officer Does caused serious physical harm to John Doe.

62. As averred more fully herein, one or more of the Officer Does, while under the influence of sudden passion or in a sudden fit of rage, knowingly, caused serious physical harm to John Doe.

63. As averred more fully herein, one or more of the Officer Does caused serious physical harm to Jane Doe.

64. As averred more fully herein, one or more of the Officer Does, while under the influence of sudden passion or in a sudden fit of rage, knowingly, caused serious physical harm to Jane Doe.

65. The foregoing acts by the Officer Does against the Does constitute assault and battery.

66. As a direct and proximate result of this assault and battery, the Does have suffered injuries and damages and are entitled to the demanded relief.

## F. REQUEST FOR PRELIMINARY INJUNCTION

67. The Does likely will suffer irreparable injury if Defendants are not required to comply with the First Amendment while this suit is pending.

68. There is no adequate remedy at law because the Does' speech is being cooled.

69. There is a substantial likelihood that the Does will prevail on the merits because the First Amendment clearly states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

70. The harm faced by the Does outweighs the harm that would be sustained by Defendants if the preliminary injunction were granted.

71. Issuance of a preliminary injunction would not adversely affect the public interest.

72. Plaintiffs ask the Court to set their application for preliminary injunction for hearing at the earliest possible time and, after hearing the request, to issue a preliminary injunction against Defendants.

## G. REQUEST FOR PERMANENT INJUNCTION

73. Plaintiffs ask the Court to set their application for injunctive relief for a full trial on the issues in this application and, after the trial, to issue a permanent injunction against defendant.

## H. DAMAGES

74. Plaintiffs re-allege and incorporate by reference the averments of Paragraphs 1-[].

75. As a direct and proximate result of each of the foregoing averred acts, conduct, and violations of the law, Plaintiffs suffered injuries and damages in an amount and according to proof. Such injuries and damages include but are not limited to, medical bills, pain and suffering, emotional distress, inconvenience, embarrassment, humiliation, loss of enjoyment of life (both past and future), permanent impairment, lost wages, loss or impairment of future earning capacity, and other incidental and consequential damages.

76. The averred actions by Defendants were intentional, fraudulent, malicious, and/or reckless and were with conscious disregard for the Does' constitutional rights. As such, Plaintiffs seeks an award of punitive damages under applicable law in an amount to be determined by a jury.

77. Plaintiffs further are entitled to and seek recovery of their reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## I. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs sue for compensatory damages for not less than FIVE MILLION DOLLARS and 00/100 CENTS ($5,000,000.00).

WHEREFORE, Plaintiffs sue for punitive damages for not less than TWENTY-FIVE MILLION DOLLARS and 00/100 CENTS ($25,000,000.00).

WHEREFORE, Plaintiffs respectfully demand payment of their reasonable attorney's fees and costs in bringing this action pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiffs respectfully demand that a jury be empaneled to hear this cause.

WHEREFORE, Plaintiffs also ask that the Court do the following:

a. As to the Defendants named in Paragraphs 1-6 herein, both enjoin them, on a preliminary and permanent basis, from violating Plaintiffs' free speech rights.

b. Enter judgment for plaintiff.

c. Award costs of suit.

d. Grant any other relief it deems appropriate.

Respectfully Submitted,

Leah J. Sellers

Leah J. Sellers (Ohio Bar No. 007621)
Sellers Law, LLC
**ljsellerslaw@gmail.com**
Attorney for Plaintiffs

**Attachments**

Proposed Order